THE STATE OF NEW JERSEY v. THE HADDONFIELD AND CAMDEN TURNPIKE COMPANY.

Submitted March 26, 1900—Decided June 11, 1900.

1. As a general rule, an indictment which charges a defendant with neglecting to perform a public duty, should show *how* that duty arises.
2. Courts will not take judicial notice of private acts of the legislature, and consequently such parts of a private act as may be material to a party's case must be specially pleaded.

On demurrer to indictment.   Case certified from Camden Oyer and Terminer.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the state, *George H. Peirce.*

For the defendant, *Charles R. Stevenson.*

The opinion of the court was delivered by

GUMMERE, J.   The defendant is indicted for neglecting to keep its turnpike road in repair.   The ground of demurrer is that the indictment fails to show how the defendant's obligation to keep its road in repair arises.

The pleading demurred to, after alleging that the defendant is in possession of the turnpike, and that the same is out of repair, charges that the defendant is, "by law, holden and bound the said turnpike road to repair and amend," &c.

The rule with relation to the necessity of setting forth in an indictment *how* the duty arose, for the neglect to perform which the defendant is presented, is thus stated in *State* v. *Hageman,* 1 *Gr.* 314: "Where an offence consists in an omission to do some act, the indictment must show how the defendant's obligation to perform that act arises, unless it is a duty connected by law to the office which the defendant sustains."   To the same effect is *State* v. *Turnpike Co.,* 1 *Harr.* 222.

It is contended on behalf of the state that the legal duty of the defendant to repair and amend its turnpike is created by its charter, and that, as the charter is a law of the state the allegation of the indictment is sufficient, the case being within the exception mentioned in *State* v. Hageman.

This contention would be sound if the charter of the company was a public act, provided it casts upon the company the duty of repair.   But the charter is a private act, and we cannot take judicial notice of its contents.   1 *Chit. Pl.* *216.

The indictment should have set out the charter provision,

from which the duty of the defendant to repair and amend its road is claimed to arise, and is fatally defective in not doing so.

The Camden Oyer and Terminer is advised that the defendant is entitled to judgment on its demurrer.